Filed 2/3/14  P. v. Silveira CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066312 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CM2458) |
| v. | |
| GABRIEL LEAL SILVEIRA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Poochigian, J, and Peña, J.

Appellant, Gabriel Leal Silveira, pled no contest to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and admitted allegations that he had a prior conviction within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we found that the court neglected to impose a mandatory parole revocation fine. We will modify the judgment to include this fine and affirm the judgment as modified.

**FACTUAL AND PROCEDURAL HISTORY**

On July 11, 2012, at approximately 11:17 a.m., officers from various law enforcement agencies executed a search warrant at Silveira's residence in Hanford. Silveira was stopped as he drove a truck away from the house. During an ensuing search of the truck, officers found a plastic container attached to the underside of the truck's body. Inside the container, officers found 14 grams of methamphetamine and packaging material. During the traffic stop, Silveira showed symptoms of being under the influence of a controlled substance. A urine test confirmed the substance was methamphetamine.

On September 12, 2012, the district attorney filed a first amended information charging Silveira with transportation of methamphetamine (count 1), possession of methamphetamine for sale (count 2/Health & Saf. Code, § 11378), possession of methamphetamine (count 3/Health & Saf. Code, § 11377, subd. (a)), and being under the influence of methamphetamine (count 4/Health & Saf. Code, § 11550, subd. (a)). Counts 1 and 2 also alleged a prior conviction enhancement (Health & Saf. Code, § 11370.2, subd. (c)) and the information alleged a prior prison term enhancement (Pen. Code, § 667.5, sub. (b)) and that Silveira had a prior conviction within the meaning of the three strikes law.

On September 25, 2012, Silveira pled no contest to the transportation charge and admitted the three strikes allegation in exchange for dismissal of the remaining counts

and allegations in the instant case, dismissal of three unrelated cases, and a stipulated prison term of six years.

On October 24, 2012, the court sentenced Silveira to the stipulated six-year prison term: the middle term of three years on Silveira's transportation conviction, doubled because of his prior strike conviction.

Silveira's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende, supra,* 25 Cal.3d 436.) Silveira has not responded to this court's invitation to submit additional briefing. However, our review of the record disclosed that the court erred by its failure to impose a parole revocation fine.

Penal Code section 1202.45, provides in pertinent part:

"(a) In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.*

"(c) The fines imposed pursuant to subdivision[] (a) ... shall be suspended unless the person's parole ... is revoked." (Italics added.)

Although the trial court imposed a $1,440 restitution fine, it did not impose a parole revocation fine in the same amount as required by Penal Code section 1202.45. Therefore, we will modify the judgment to include a $1,440 parole revocation fine.

Further, following an independent review of the record we find that no other reasonably arguable factual or legal issues exist.

### DISPOSITION

The judgment is modified to include a parole revocation fine, pursuant to Penal Code section 1202.45, in the amount of $1,440. The trial court is directed to prepare an amended abstract of judgment consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.